# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
CINTHIA VAN ALST,                    *
on behalf of minor child, J.V.,      *    No. 15-1180V
                                     *    Special Master Christian J. Moran
              Petitioner,            *
                                     *
v.                                   *    Filed: July 11, 2017
                                     *
SECRETARY OF HEALTH                  *    Petitioner's motion for a decision
AND HUMAN SERVICES,                  *    on the record; insufficient proof of
                                     *    causation.
              Respondent.            *
* * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Cinthia Van Alst filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on October 13, 2015, on behalf of her minor child, J.V. Her petition alleged that J.V. had an adverse reaction, including seizures and developmental delays, resulting from receiving several vaccines (DTaP, IPV, Hib, Hepatitis B, PCV, and Rotavirus) on August 21, 2014.

      Ms. Van Alst has now filed a Motion for a Decision Dismissing Her Petition on June 27, 2017. The information in the record does not show entitlement to an award under the National Vaccine Injury Compensation Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I. **Procedural History**

Ms. Van Alst did not submit J.V.'s medical records with her petition as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). The initial scheduling order suspended the deadline for respondent's Rule 4 report and ordered Ms. Van Alst to submit J.V.'s medical records, affidavits, and a statement of completion. Ms. Van Alst filed J.V.'s medical records on November 17, 2015, and submitted a statement of completion on November 18, 2015.

Respondent noted in a December 18, 2015 status report that, while the medical records appeared to be complete, parts of the records were handwritten and largely illegible. Ms. Van Alst filed the transcribed medical records on February 5, 2016.

On March 21, 2016, respondent submitted his report pursuant to Vaccine Rule 4. The report stated that the medical records did not demonstrate that the vaccines J.V. received caused his seizures or developmental delay. See Resp't's Rep. at 7. During the ensuing status conference, respondent requested updated medical records before discussing next steps. Ms. Van Alst filed the updated medical records on May 27, 2016.

In a June 9, 2016 status conference, respondent requested that Ms. Van Alst investigate whether a particular genetic test had been performed and, if so, to file the related medical records. Additionally, Ms. Van Alst was ordered to file her expert report by August 9, 2016.

Following two extensions of time, Ms. Van Alst filed updated medical records, including the genetic testing results, on August 15, 2016. The filing of Ms. Van Alst's expert report was deferred until the upcoming September 1, 2016 status conference to discuss the updated records. Order, issued Aug. 10, 2016. During this status conference, the parties discussed the results of J.V.'s genetic test and Ms. Van Alst requested, and the undersigned granted, a 30 day stay of the proceedings to evaluate how the results would affect the case going forward. Order, issued Sept. 1, 2016.

In an October 11, 2016 status conference, the parties further discussed the genetic test results, possible theories of causation, and ultimately the need for Ms. Van Alst to submit any medical records that commented on the genetic test results. Ms. Van Alst filed a status report providing some clarification on the genetic testing results but stated that J.V.'s treating physician was unable to comment

further. Resp't's Status Rep., filed Nov. 3, 2016. During the ensuing status conference, Ms. Van Alst was ordered to file an expert report opining on causation. Order, issued Nov. 30, 2016.

The undersigned granted Ms. Van Alst three extensions of time to file her expert report before convening a status conference to discuss the delay. During this status conference, Ms. Van Alst advised that her expert was now a consultant and requested two weeks to consider her next steps in the case.

Ms. Van Alst filed the instant motion on June 27, 2017, in which she states the respondent does not oppose. This case is now ripe for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that J.V. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding at least one of the vaccinations, or 2) that J.V. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that J.V. suffered a "Table Injury." Thus, Ms. Van Alst is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Ms. Van Alst's claim, a medical opinion must be offered in support. Ms. Van Alst, however, has offered no such opinion via an expert report.

Accordingly, it is clear from the record that Ms. Van Alst has failed to demonstrate either that J.V. suffered a "Table Injury" or that J.V.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

s/Christian J. Moran
Christian J. Moran
Special Master